# Kauffman's Estate.

*Wills—Probate—Letter—Intention to take out insurance—Gift inter vivos not completed.*

1. Where one having a mother, a sister, and several brothers living, writes to a brother in a social letter that he is "going to take out insurance" in an amount named "and make it payable to" him, the brother, with directions as to distribution, and he subsequently takes out the insurance with no person named as beneficiary, the letter cannot be probated as a will.

2. Such letter is not in any sense a testamentary writing, but only a direction as to the disposition of an intended gift, inter vivos, which decedent never completed.

3. As the policy taken out was payable to his estate it was different from the policy mentioned in the letter, which was to be payable to his brother, therefore the letter could have no proper control over the fund realized from the insurance, and should not be viewed as a testamentary writing disposing of such fund.

Argued April 16, 1925. Appeal, No. 249, Jan. T., 1925, by D. L. Kauffman, claiming as legatee, from decree of O. C. Clearfield Co., filed July 11, 1924, sustaining appeal from Register of Wills admitting to probate alleged will of Andrew L. Kauffman. Before MOSCHZIS-KER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Appeal from register of wills admitting to probate alleged will of Andrew L. Kauffman. Before WHITE-HEAD, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Appeal sustained. D. L. Kauffman, claiming as legatee, appealed.

*Error assigned* was decree, quoting it.

*Singleton Bell,* with him *William A. Hagerty,* for appellant, cited: Frew v. Clarke, 80 Pa. 170; Bowen v. Goranflo, 73 Pa. 357; Turner v. Scott, 51 Pa. 126; Knox's Est., 131 Pa. 220; Harrison's Est., 196 Pa. 576; Dawson's Est., 227 Pa. 168.

*John C. Arnold,* with him *A. M. Liveright,* for appellee, cited: Willing's Est., 212 Pa. 136; Zimmerman v. Zimmerman, 23 Pa. 375; Bright's Est., 212 Pa. 363; Baker's App., 107 Pa. 381.

PER CURIAM, May 4, 1925:
Andrew A. Kauffman, a soldier of the United States, while at Camp Gordon, wrote a long social letter to his brother, D. Lynn Kauffman, the present appellant, on May 28, 1918, incidentally saying therein: "I am going to take out $10,000 insurance and make it payable to you and you can give some to the rest of them, after E. A. gets half of it and you get ¼ of it, if anything happens to me." "E. A." is a daughter of appellant.

On June 4, 1918, Andrew A. Kauffman applied to the Bureau of War Risk Insurance for a $10,000 policy, which was issued to him, but no person was named therein as beneficiary.

Kauffman died October 11, 1919, with the insurance in force, and, on October 8, 1920, the letter containing the above-quoted paragraph was admitted to probate as his will.

Louisa Kauffman, mother of decedent, appealed to the orphans' court, which reversed the decision of the register, and the present appeal ensued.

The court below says, in its opinion setting aside the probate: "The statement 'I am going to take out $10,000 insurance and make it payable to you,'" is only a declaration of what the writer *intended to do,* but which intention he never carried out......The only part of the

declaration which he actually put into effect was the taking out of an insurance policy in the amount mentioned; he did not make it payable to the appellee. Just why he changed his mind......does not appear; possibly it was because his old mother was still living, or possibly because he had a sister and four brothers living." The court then correctly states that the writing offered for probate could not have been intended as anything more than a declaration of the manner in which decedent desired his brother to dispose of the fund to be derived from the insurance which the former, at that time, intended giving to the latter, a gift never in fact made, however. In other words, the letter was not in any sense a testamentary writing but only a direction as to the disposition of an intended gift, inter vivos, which decedent never completed. Or, to put the situation more precisely as the court below viewed it: When decedent wrote concerning the prospective insurance, it is apparent he did not refer to, or attempt to dispose of, an asset belonging to his estate, or even of one he then contemplated acquiring, since the policy he mentioned was not to be taken out for the benefit of his estate, but directly for the advantage of others,—his brother to be named as beneficiary; therefore the letter can have no proper control over the fund here in controversy, and it should not be viewed as a testamentary writing disposing of this insurance, which, differing from the policy mentioned in the letter, was payable to and collected by decedent's estate.

The court below did not err in refusing to sustain the probate.

The decree is affirmed at cost of appellant.